Kelly, C.J.
(dissenting). I dissent from this Court’s decision to peremptorily reverse the Court of Appeals decision. I also disagree with the majority’s hasty determination that Halbert v Michigan[1] is not violated in this case. Rather than summarily reversing the Court of Appeals, I would grant the application for leave to appeal. This application raises jurisprudentially significant issues. One concerns the authority of courts to grant untimely requests for appellate counsel. Another concerns the conflicting treatment these requests receive depending on whether the defendant was convicted by trial or by plea agreement. MCR 6.425(G)(1)(b); MCR 6.425(G)(1)(c).
FACTS AND PROCEDURAL HISTORY
Defendant pleaded guilty of second-degree murder and possessing a firearm during the commission of a felony under a plea agreement. At sentencing, he was advised that he had 42 days to request appointed counsel. He filed a standard form requesting counsel on the 68th day after his sentencing, which the circuit court denied as untimely. Acting pro se, defendant filed an application in the Court of Appeals. Citing Halbert, the Court of Appeals majority remanded the case to the circuit court to determine whether defendant was indigent and, if so, to appoint *899 counsel in light of Halbert. Judge HOEKSTRA dissented and opined that the case was not controlled by Halbert-, therefore, the circuit court had not erred in denying defendant’s motion for appointed counsel. The prosecutor appealed.
HALBERT AND MCR 6.425(G)(1)
In Halbert, the United States Supreme Court held that indigent defendants have a constitutional right to appointed counsel to assist them in the first-tier appellate reviews of their guilty-plea convictions. The Halbert decision effectively overruled this Court’s decision in People v Bulger,[2] in which a majority of this Court held that no such right existed under either the federal or the state constitution.
Currently, under MCR 6.425(G)(1)(b) and (c), indigent defendants convicted either by trial or plea agreement are entitled to the appointment of appellate counsel if they request counsel within 42 days of sentencing. MCR 6.425(G)(1)(b), which governs only requests for counsel by indigent defendants convicted at trial, states that “[t]he court should liberally grant an untimely request as long as the defendant may file an application for leave to appeal.” By contrast, MCR 6.425(G)(1)(c), which controls requests for counsel by indigent defendants convicted by plea agreement, contains no such provision and is entirely silent on the issue of untimely requests for counsel.
CONCLUSION
The central holding of Halbert is not directly implicated here. However, this case raises lingering issues unresolved by Halbert and implicates similar concerns about the disparate treatment of criminal defendants convicted by plea rather than a trial. Therefore, I would grant leave to appeal to consider: (1) whether circuit courts have the authority to grant indigent, plea-convicted defendants’ delayed requests for appellate counsel under MCR 6.425(G)(1)(c) where the rule is entirely silent on the issue; (2) if so, what standards or criteria should be considered in granting such requests; (3) if not, whether Halbert requires more protection for plea-convicted defendants than the court rules currently provide; and (4) whether the disparity in treatment between tardy requests for appellate counsel made by indigent defendants convicted by trial and those convicted by plea is sustainable under the Equal Protection Clause.
I would not peremptorily reverse the Court of Appeals decision but would grant the application for leave to appeal.
Cavanagh, J. I would grant leave to appeal.

 Halbert v Michigan, 545 US 605 (2005).

 People v Bulger, 462 Mich 495 (2000).